Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ASOCIACIÓN CÍVICO RECREATIVA CAPARRA HILLS<br><br>**Parte Peticionaria**<br><br>v.<br><br>LUIS OSCAR NIEVES<br><br>**Parte Recurrida** | **TA2026AP00557** | ***APELACIÓN -*** *se acoge como* ***Certiorari***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Guaynabo**<br><br>Caso Núm.:<br>**D2CD2011-0161**<br>**Y D2CM2011-0041**<br><br>Sobre:<br>**COBRO DE DINERO** |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2026.

Comparece ante nos, la Asociación Cívico Recreativa Caparra Hills, en adelante Asociación o peticionaria, y nos solicita que revisemos la *Resolución* emitida el 27 de abril de 2026, notificada el 5 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo, en adelante, TPI-Guaynabo. Mediante esta, el Foro Primario denegó una solicitud de ejecución de sentencia presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, *expedimos* el auto solicitado, *modificamos* la Resolución recurrida y, así modificada, la *confirmamos*.

**I.**

Los hechos que hoy nos ocupan se remontan al 31 de enero de 2011, cuando la Asociación instó un pleito en cobro de dinero contra Luis Oscar Nieves, en adelante, señor Nieves o recurrido, a los fines de reclamar el pago de una suma por concepto de cuotas de mantenimiento adeudadas y no pagadas respecto la

urbanización donde este residía.[1] Luego de que el recurrido aceptara la deuda, y que las partes estipularan la forma en que se haría efectiva la misma, el 1 de noviembre de 2016, el TPI-Guaynabo emitió una *Sentencia* en contra del señor Nieves.[2] En ella, tras consignar las estipulaciones aludidas, el Foro Primario ordenó al señor Nieves el pago de una suma equivalente a $6,185.00 a favor de la Asociación.

Años más tardes, el 10 de octubre de 2025, la Asociación presentó una *Moción Solicitando Ejecución de Sentencia.*[3] Mediante ella, alegó que señor Nieves no había satisfecho el pago de la suma que le fue concedida mediante la referida *Sentencia*, por lo que solicitó que ordenara su ejecución junto a un mandamiento para el embargo de los bienes del recurrido. Tal solicitud fue reiterada mediante otra moción fechada el 28 de octubre de 2025, en la cual la peticionaria arguyó que la ejecución de la sentencia se solicitaba con autorización del Foro Primario al amparo de la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1, por haber transcurrido más de cinco (5) años de su emisión.[4]

Tras mediar una orden del Foro Recurrido,[5] el 28 de octubre de 2025, la Asociación reiteró su solicitud para ejecutar la *Sentencia* del 1 de noviembre de 2016.[6] En esta ocasión, arguyó que la Regla 51.1 de Procedimiento Civil, *supra*, no dispone un término prescriptivo para solicitar la ejecución de una sentencia. A raíz de ello, sostuvo que cumplió con los postulados de la precitada regla procesal, en la medida que su derecho a ejecutar contaba con un término prescriptivo de quince (15) años, a tenor con los

---

[1] SUMAC TA, Entrada Núm. 1, Anejo 1.
[2] *Íd.*
[3] *Íd.*, Anejo 5.
[4] *Íd.*, Anejo 8.
[5] Hacemos constar que tal *Orden* no consta en el expediente sometido por la peticionaria.
[6] SUMAC TA, Entrada Núm. 1, Anejo 13.

Artículos 1864 y 1871 del derogado Código Civil de 1930, 31 LPRA ant. secs. 5294, 5301.[7]

En consecuencia, el 8 de diciembre de 2025, el Foro Primario emitió una *Orden* dirigida a la Asociación.[8] A través de esta, le requirió la presentación de una declaración jurada que detallara la suma reclamada en ejecución, junto a un desglose de cualquier abono que el recurrido hubiese efectuado; ello con el fin de acreditar el incumplimiento imputado con la obligación de pago de la *Sentencia*. Adicionalmente, sin que alguna parte lo planteara, le ordenó que fijara su posición en cuanto a la aplicación del término prescriptivo contemplado en el Artículo 1866 del Código Civil de 1930, 31 LPRA ant. sec. 5296.

El 8 de enero de 2026, la Asociación presentó una *Moción a Tenor con Orden Cómputo de Sentencia.*[9] En esta, se circunscribió a informar que la suma reclamada ascendió a $11,890.05, en virtud de los intereses que generó desde que advino final y firme. Cónsono con lo anterior, el 20 de enero de 2021, solicitó otra orden y mandamiento para ejecutar el referido dictamen.[10]

No empecé a lo anterior, el 21 de enero de 2026, la peticionaria presentó un escrito con relación a la *Orden* emitida el 8 de diciembre de 2025.[11] En este, negó la aplicación del Artículo 1866 del antiguo Código Civil, supra, por tratarse de la ejecución de una sentencia que generó una obligación personal a la cual le aplica el término prescriptivo de quince (15) años. Por otro lado, solicitó una prórroga para proveer la declaración jurada que le fue requerida por el Foro Primario.

---

[7] 31 LPRA ant. secs. 5294, 5301. El 28 de noviembre de 2020, entró en vigor el nuevo Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, 31 LPRA sec. 5311 *et seq.* Sin embargo, los hechos del caso de epígrafe comenzaron previo a la fecha de vigencia del citado cuerpo normativo, por lo que haremos referencia y esbozaremos el derecho a la luz del derogado Código.
[8] SUMAC TA, Entrada Núm. 1, Anejo 10.
[9] SUMAC TA, Entrada Núm. 1, Anejo 11.
[10] *Íd.*, Anejo 7.
[11] *Íd.*, Anejo 9.

El 18 de marzo de 2026, la Asociación sometió la referida declaración jurada.[12] En dicho documento se limitó a reiterar la información esbozada en su moción del 8 de enero de 2026. Sin embargo, nada expuso en cuanto al incumplimiento imputado al recurrido ni en cuanto a la existencia de algún pago en abono a la cantidad adeudada.

En consecuencia, el 31 de marzo de 2026, el Foro Primario notificó una *Orden* en la cual determinó que la declaración jurada presentada por la peticionaria no cumplía con lo ordenado el 8 de diciembre de 2025.[13] En la misma fecha, la peticionaria presentó otro escrito en el cual arguyó que había cumplido con las órdenes emitidas, por lo cual reiteró su solicitud para ejecutar la sentencia.[14]

Así las cosas, el 27 de abril de 2026, notificada el 5 de mayo de 2026, el TPI-Guaynabo emitió la *Resolución* objeto de revisión.[15] En el referido dictamen, el Foro Primario declaró *No Ha Lugar* la solicitud de ejecución de sentencia presentada por la Asociación, en la medida que esta instó la misma fuera de los parámetros de la Regla 51.1 de Procedimiento Civil y del Artículo 1866 del derogado Código Civil, *supra.*

Dicho Foro razonó que la peticionaria no logró establecer un motivo que justificara la expedición de la autorización judicial requerida para ejecutar la *Sentencia* luego de transcurrido el plazo de cinco (5) años previstos en la precitada Regla procesal. Asimismo, determinó que a la ejecución solicitada le aplicaba especialmente el término prescriptivo de cinco (5) años estatuido en el mencionado Artículo 1866, *supra,* ya que no se podía contemplar un término que excediera el plazo de la Regla 51.1 de Procedimiento Civil, *supra.*

---

[12] SUMAC TA, Entrada Núm. 1, Anejo 12.
[13] *Íd.*, Anejo 8.
[14] *Íd.*, Anejo 6.
[15] *Íd.*, Anejo 8.

En desacuerdo, 21 de mayo de 2026, la Asociación presentó una moción de reconsideración,[16] la cual fue denegada mediante otra *Resolución* notificada el 27 de mayo de 2026, por haberse presentado tardíamente.[17]

Aún inconforme con el proceder del Foro Primario, la peticionaria compareció ante nos mediante un recurso de apelación fechado el 1 de julio de 2026, y formuló el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL AL NO APLICAR CORRECTAMENTE LOS POSTULADOS DE LA REGLA 51.1 DE PROCEDIMIENTO CIVIL Y LOS ARTÍCULOS LA REGLA GENERAL DE TRANSICIÓN SEGÚN EL CÓDIGO CIVIL DEL 2020 (ART. 1808) Y EL ARTÍCULO 1864 DEL CÓDIGO CIVIL, 31 LPRA. SEC. 5294. BÁSICAMENTE EL TRIBUNAL ERRÓNEAMENTE ENTIENDE QUE EL TERMINO DE 5 AÑOS QUE ADUCE LA REGLA 51.1 DE PROCEDIMIENTO CIVIL ES DE CADUCIDAD O PRESCRIPCIÓN.

Evaluado el recurso, acogimos el recurso como una petición de *certiorari*, manteniendo el código alfanumérico asignado por la Secretaria de este Tribunal, y emitimos una *Resolución* el 5 de junio de 2026, donde concedimos al recurrido hasta el 11 de junio de 2026 para presentar su posición de conformidad con la Regla 37 de nuestro Reglamento.[18]

El 10 de junio de 2026, el abogado que ostentaba la representación legal de señor Nieves compareció mediante una *Moción Informativa en Cuanto a de [sic] Representación Legal, Notificación y Solicitud de Tiempo Adicional.*

En virtud de lo informado, y evaluada la petición de *certiorari*, prescindimos de la comparecencia de la parte recurrida

---

[16] SUMAC TA, Entrada Núm. 1, Anejo 3, págs. 3-7.

[17] *Íd.*, págs. 1-2.

[18] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 56-57, 215 DPR ___ (2025).

al amparo de la facultad que nos confiere la Regla 7(B)(5) de nuestro Reglamento,[19] y procedemos a expresarnos.

## II.

### A. *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un

---

[19] *In re Aprob. Enmdas. Reglamento TA*, supra, pág. 15. Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". *Íd.*

recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple o no con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63; *Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Esta Regla cobra mayor importancia ante la revisión de un asunto *postsentencia*, ya que estos usualmente no cualifican para su revisión mediante un recurso de apelación, ya que este se encuentra únicamente disponible para dictámenes judiciales finales. *BPPR v. SLG Gómez-López, supra*, pág. 336 (2023); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012). Esto, pues, al no estar disponible la revisión apelativa, existe un riesgo en sostener determinaciones erróneas, impedidas de una revisión judicial por el solo hecho de que suceden en una etapa tardía del proceso, como lo es la ejecución de una sentencia. *BPPR v. SLG Gómez-López*, supra; *IG Builders et al. v. BBVAPR*, supra. Por lo tanto, la expedición del auto discrecional sobre tales determinaciones queda supeditada a los criterios de la Regla 40 de

nuestro Reglamento. *BPPR v. SLG Gómez-López,* supra, págs. 336-337.

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio,* 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

### B. Ejecución de Sentencia

Una vez el tribunal resuelve un asunto mediante sentencia, y esta adviene firme, la misma se convierte, a su vez, en ejecutoria. Tal acontecimiento conduce a la ejecución de sentencia, la cual constituye la última fase del proceso judicial. *Money's People, Inc. v. López Llanos,* 202 DPR 889, 909 (2019). Esta etapa tiene el propósito de darle cumplimiento o eficacia al dictamen final y firme del foro judicial. *Íd.*

Aunque la sentencia es el producto terminado de un proceso judicial, ello no significa que el trámite procesal llegue a su fin al emitirse el referido dictamen, toda vez que, a falta del cumplimiento voluntario por la parte obligada por la sentencia, en muchos casos, se debe recurrir a trámites posteriores para hacer efectiva la misma. Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, pág. 631, 6ta Edición. LexisNexis de Puerto Rico, Inc. (2017).

Huelga expresar, que los procedimientos de ejecución de sentencia por su propia naturaleza son de carácter suplementario. *Negrón v. Srio. de Justicia*, 154 DPR 79, 90 (2001). Siendo así, estos constituyen una extensión o apéndice al procedimiento que dio lugar a una sentencia, *pues no se trata de revivir las controversias resueltas entre las partes o en modificar los derechos adjudicados. Money's People, Inc. v. López Llanos*, supra, pág. 910; *Negrón v. Srio. de Justicia*, supra.

Por lo tanto, el procedimiento de ejecución de sentencia meramente le imprime continuidad al proceso judicial que derivó en una sentencia. *Mun. San Juan v. Prof. Research*, 171 DPR 219, 248-249 (2007). Sin embargo, muchas veces resulta inevitable recurrir a la ejecución forzosa de una sentencia cuando la parte obligada por ella incumple con sus términos. *Íd.*, pág. 248, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Ed. Michie de P.R., 1997, Cap. 63, pág. 453.

Los postulados que regulan los remedios a los que una parte tiene derecho luego de dictada una sentencia, se encuentran enmarcados en nuestro ordenamiento procesal civil. De esta manera, en la Regla 51.1 de Procedimiento Civil se preceptúa lo siguiente:

> La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. *Expirado dicho término, la sentencia podrá ejecutarse mediante una autorización del tribunal, a moción de parte y previa notificación a todas las partes.* [...].

32 LPRA Ap. V, R. 51.1. (Énfasis suplido).

Conforme a la precitada regla procesal, una parte con derecho a exigir el cumplimiento de una sentencia puede ejecutarla dentro de los cinco (5) años posteriores a que esta advenga final y firme. *Mun. San Juan v. Prof. Research*, supra, pág. 248. Es decir, la parte que solicita la ejecución dentro de dicho termino no tiene la obligación de notificar la orden de ejecución ni el mandamiento de embargo, pues tal notificación propendería la frustración de la efectividad de la ejecución. *Figueroa v. Banco de San Juan*, 108 DPR 680, 690 (1979); *Avilés Vega v. Torres*, 97 DPR 144, 149 (1969).

Sin embargo, transcurrido el referido término, el acreedor por sentencia solo podrá ejecutarla tras presentar una moción ante tribunal sentenciador, la cual debe notificar a todas las partes. *Mun. San Juan v. Prof. Research*, supra; *Avilés Vega v. Torres*, supra, págs. 149-150. En ese sentido, los tribunales gozan de una facultad *discrecional* para determinar si una sentencia debe ser ejecutada, lo cual deberá ponderar en el ejercicio de su sana discreción. *Banco Territorial y Agrícola de Puerto Rico v. Marcial*, 44 DPR 129, 131 (1932).

Así, la autorización judicial a la que alude la Regla 51.1 de Procedimiento Civil, *supra*, es una de carácter discrecional, y queda supeditada a la razón que presente el promovente de la ejecución para justificar el motivo por el cual no realizó la misma dentro del plazo reglamentario de cinco (5) años. R. Hernández

Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, P.R., 2017, págs. 633-634.

De conformidad con lo anterior, el tribunal puede autorizar la ejecución de una sentencia cuando el promovente demuestre fehacientemente, y a satisfacción del foro judicial, que la sentencia no ha sido satisfecha ni que existe otra razón que impida su ejecución. *Banco Territorial y Agrícola de Puerto Rico v. Marcial,* supra.

Por último, cabe resaltar que, aunque la Regla 51.1 de Procedimiento Civil es de carácter procesal, esta no establece un término particular para solicitar la referida autorización judicial para ejecutar la sentencia. Por consiguiente, resulta forzoso hacer referencia a los términos prescritos para el cumplimiento de las obligaciones consagrados en nuestro Código Civil para determinar hasta cuando el tribunal retiene autoridad para autorizar una ejecución de sentencia en exceso de los primeros cinco (5) años en que esta advino firme. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Publicaciones JTS, 2011, Tomo IV, pág. 1431.

### C. Prescripción

El derecho a ejercer un derecho o una causa de acción determinada puede extinguirse por la inacción de una parte para ejercerla dentro del término que la ley establece. *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1067 (2020); *Cacho González et al. v. Santarrosa et al.,* 203 DPR 215, 228 (2019); *Colón Gorbea v. Sánchez Hernández et al.,* 202 DPR 760, 765 (2019). Ello persigue eliminar la incertidumbre en las relaciones jurídicas y, a su vez, sancionar la falta de diligencia en el ejercicio de los derechos, de manera que las personas no queden sujetas indefinidamente a la posibilidad de una reclamación en su contra. *Acevedo y Otros v. Depto. Hacienda y otros,* 212 DPR 335, 355

(2023); *Conde Cruz v. Resto Rodríguez et al.*, supra, pág. 1068; *Colón Gorbea v. Sánchez Hernández et al.*, supra, pág. 766.

De esta manera, a través de la prescripción extintiva, se persigue promover que las reclamaciones se insten y ejerzan sus causas de acción de manera oportuna y diligente. *Maldonado Rivera v. Suarez y otros*, 195 DPR 182, 192 (2016). Su razón de ser es, primordialmente, evitar que el paso del tiempo y la pérdida de prueba ocasione un estado de indefensión. *Birriel Colón v. Econo y otro*, 213 DPR 80, 95 (2023); *Maldonado Rivera v. Suarez y otros*, supra, pág. 193; *SLG García-Villega v. ELA et al.*, 190 DPR 799, 813 (2014).

En nuestro ordenamiento jurídico, la prescripción extintiva no se trata de una figura de materia procesal, sino como una sustantiva, gobernada por nuestro Código Civil.[20] *Flores Reyes v. Prestress Manufacturing Corp.*, 2026 TSPR 53, 218 DPR ___ (2026); *Landrau Cabezudo et al. v. Puertos et al.*, 2025 TSPR 7, 215 DPR ___ (2025), *Nevárez Agosto v. United Surety et al.*, 209 DPR 346, 356 (2022); *SLG Haedo-López v. SLG Roldan-Rodríguez*, 203 DPR 324, 336 (2019); *SLG García-Villega v. ELA et al.*, supra, pág. 812. Cónsono con lo anterior, es harto conocido que la acciones prescriben por el simple transcurso del tiempo que fija la ley. 31 LPRA ant. sec. 5291; OAM v. Abarca Health, 2025 TSPR 23, 215 DPR ___ 2025, *Landrau Cabezudo et al. v. Puertos et al.*, supra; *SLG García-Villega v. ELA et al.*, supra, pág. 811. Por ello, nuestro Código Civil condiciona el ejercicio de determinadas acciones a los términos que en él se establecen categóricamente.

---

[20] El Artículo 1814 del Código Civil de 2020 dispone que "[l]os términos prescriptivos, de caducidad o de usucapión que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración dispuesta en la legislación anterior [...]". 31 LPRA sec. 11719. Según adelantáramos, y en la medida que la controversia planteada versa sobre una sentencia que advino final y firme previo a la aprobación de este, citamos el Código Civil de 1930.

Como norma general, el Artículo 1864 del derogado Código Civil dispone que las acciones personales a las cuales no se les haya fijado un término especial prescribirán a los quince (15) años.

De un lado, y pertinente al recurso que nos ocupa, el Artículo 1866, *supra,* establece restrictivamente una lista de acciones para el cual una persona dispone de un término prescriptivo de cinco (5) años para exigir el cumplimiento de ciertas obligaciones personales, a saber: 1) la de pagar pensiones alimenticias; 2) la de satisfacer el precio de arrendamiento, ya sean de fincas rústicas o urbanas, y; 3) la de cualquier otro pago que deba hacerse por años o en plazos más breves. 31 LPRA ant. sec. 5296

No obstante, cuando se trata de una acción para exigir el cumplimiento de obligaciones declaradas por sentencia, el mencionado cuerpo normativo tan solo establece que el término prescriptivo para ejercer tal acción comienza a transcurrir desde que la sentencia adviene final y firme. 31 LPRA ant. sec. 5301.

A tenor con ello, desde hace mucho tiempo, nuestro Tribunal Supremo ha establecido que la ejecución de una sentencia en cobro de dinero se trata de una acción personal sin término especial señalado para su ejercicio, *por lo que prescribe a los quince años (15) años,* contados a partir de que la sentencia adviene final y firme. *Rodríguez v. Martínez,* 68 DPR 450, 453-454 (1948); *Valiente v. Buxó,* 68 DPR 132, 135-136 (1948). Esto, pues, este tipo de sentencias le imponen a una persona el deber de satisfacer una suma de dinero, con lo cual surge un nuevo crédito judicialmente exigible. *Mun. San Juan v. Prof. Research,* supra, pág. 248. Por lo tanto, tal sentencia constituye una nueva obligación personal de pago, exigible dentro del término prescriptivo previsto en el Artículo 1864 del precitado Código Civil. *Íd.*, pág. 247.

**III.**

En su *único señalamiento de error*, la Asociación plantea, primordialmente, que el TPI-Guaynabo interpretó erróneamente la Regla 51.1 de Procedimiento Civil, *supra,* y el Artículo 1864 del derogado Código Civil, *supra,* para determinar que la ejecución de sentencia que solicitó prescribía a los cinco (5) años desde que advino final y firme.

De inicio, puntualizamos que la prescripción se trata de una defensa afirmativa que debe plantearse oportunamente por aquella parte que pretende beneficiarse de ella.[21] Por tanto, nos resulta preocupante que el Foro Primario haya planteado y argüido a favor de su aplicación al caso de marras. No obstante, debido a que la controversia planteada versa sobre un error de derecho, intervenimos para expresarnos sobre dicha figura.

Conforme al derecho previamente expuesto, una sentencia en cobro de dinero genera una acción personal, cuyo cumplimiento puede exigirse dentro de un término prescriptivo de quince (15) años desde que tal dictamen adviene final y firme. Ello, por tratarse de una acción desprovista de un término prescriptivo particular para su ejercicio.

En este caso, la *Sentencia* cuya ejecución solicitó la Asociación fue dictada en un pleito exclusivamente sobre cobro de dinero contra el señor Nieves. En ella, el Foro Primario concedió el pago de una suma adeudada por concepto de cuotas de mantenimiento adeudadas, admitidas por el señor Nieves. Por ello, opinamos que el solo hecho de que esta recogiera una estipulación mediante la cual la Asociación permitió el pago de la suma reclamada en plazos no la convierte en una obligación pagadera a plazos *de facto*.

---

[21] Véase, *Maldonado Rivera v. Suárez y otros,* supra, pág. 193; *Meléndez Guzmán v. Berríos López,* 172 DPR 1010, 1017 (2008).

Es decir, independientemente de los términos establecidos mediante la estipulación consignada en el referido dictamen, la determinación del Foro Primario le generó al señor Nieves una deuda personal, cuyo cumplimiento era exigible por la peticionaria dentro del término prescriptivo de quince (15) años que prevé el Artículo 1864 del derogado Código Civil, ya fuese en el mismo pleito o en una nueva acción judicial independiente.[22]

Es decir, aún con tal estipulación, la *Sentencia* continúa siendo sobre una suma fija y determinada, para la cual el señor Nieves simplemente obtuvo la ventaja de pagar paulatinamente la totalidad de la obligación pecuniaria declarada en ella.[23] Por lo tanto, tal dictamen podía ser ejecutado dentro de un plazo de quince (15) años, a partir del 1 de noviembre de 2016. En la medida que su ejecución fue solicitada inicialmente el 10 de octubre de 2025 —casi diez (10) años después—, la Asociación instó la misma oportunamente, de conformidad con los Artículos 1864 y 1871 del derogado Código Civil, *supra*, los cuales resultan de particular aplicación en este caso.

En este punto conviene aclara que el plazo de cinco (5) años contemplado en la Regla 51.1 no debe confundirse con el plazo prescriptivo de cinco (5) años contemplado en el Artículo 1866 del Código Civil previamente citado, 31 LPRA ant. sec. 5296. En un principio, la precitada regla procesal guarda silencio en cuanto a algún término prescriptivo con el que cuenta el acreedor por sentencia para ejercer su derecho. Es decir, el término ahí no es uno de prescripción, pues, según expuesto, su propósito reviste una naturaleza totalmente distinta.

Además, puntualizamos que una lectura simple a la Regla 51.1, *supra*, revela que esta no restringe el derecho a ejecutar una

---

[22] *Véase*, Mun. San Juan v. Prof. Research, supra, págs. 246-247.
[23] *Íd.*, págs. 242-243.

sentencia previo a que transcurra el referido plazo de cinco (5) años. Incluso, dicha Regla no distingue el tipo de acción sobre la cual recae una sentencia para limitar el término del cual dispone el promovente para hacer efectivo su derecho a ejecutarla.[24] De hecho, su lenguaje claramente promueve su ejercicio posterior, siempre y cuando medie una autorización del foro sentenciador, tal como realizó la peticionaria en este caso.

Por consiguiente, apreciamos que el TPI-Guaynabo se equivocó en su interpretación y aplicación del derecho para limitar el derecho de la Asociación respecto al término que disponía para ejecutar la *Sentencia*. De esta manera, colegimos que la ejecución de tal *Sentencia* no se encuentra prescrita, por lo cual la peticionaria instó oportunamente su solicitud de ejecución de sentencia. No obstante, coincidimos con el Foro Primario respecto a que la autorización judicial solicitada no cumplía con los parámetros de la Regla 51.1, *supra*. Veamos.

Según expuesto, una vez transcurren cinco (5) años desde que una sentencia adviene firme, la parte con derecho a exigir su cumplimiento solo puede proceder con la autorización del foro sentenciador. Para ello, el tribunal goza con plena discreción para autorizar una solicitud de ejecución de sentencia, la cual depende de las razones esbozadas por el promovente respecto a los motivos por los cuales presentó su solicitud posterior al término reglamentario.

Tras un análisis sosegado del expediente judicial, apreciamos que la Asociación, en efecto, no logró acreditar si la cantidad concedida mediante sentencia permanece íntegramente sin pagar o si el recurrido ha pagado alguna suma abonable a dicha deuda. La peticionaria se limitó a aludir a un presunto

---

[24] *Véase*, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, supra, pág. 1432.

incumplimiento total con la sentencia que recayó a su favor,[25] pero, a su vez, alega que el señor Nieves ha dejado de pagar posteriormente el plan de pago estipulado.[26]

Ante tal escenario, nos parece prudente que el Foro Primario ordenara, a lo mínimo, un desglose de los abonos que se hayan efectuado a la suma original de $6,185.00, si alguno, y una pormenorización del incumplimiento imputado al recurrido como condición previa a autorizar la ejecución solicitada. En virtud de ello, apreciamos que la peticionaria no sometió una declaración jurada que contuviese propiamente lo ordenado, sino que contiene una relación escueta de la suma reclamada originalmente, junto a un aumento desprovisto de base fáctica y justificativa.

En consecuencia, colegimos que la Asociación no cumplió con los preceptos de la Regla 51.1 de Procedimiento Civil, *supra*, para solicitar la ejecución de la *Sentencia* luego de los cinco (5) años en que esta advino final y firme. Por consiguiente, somos del criterio que la ejecución del referido dictamen no procedía mientras no se cumpliera con los preceptos de la regla procesal invocada. En ese sentido, el TPI-Guaynabo no cometió el error señalado, por lo que confirmamos la denegatoria del Foro Recurrido, sin perjuicio de que la parte peticionaria reanude su petición junto a una declaración jurada que cumpla adecuadamente con los requisitos de la Regla 51.1 de Procedimiento Civil, *supra.*

### IV.

Por los fundamentos antes expuestos, ***expedimos el auto solicitado y modificamos el dictamen recurrido***, con el único fin de aclarar que, en este caso, el término prescriptivo aplicable al momento en que la peticionaria solicitó la ejecución de la *Sentencia* era aquel de quince (15) años previsto en el Artículo 1864 del

---

[25] SUMAC TA, Entrada Núm. 1, Anejos 5 y 8.
[26] *Íd.*, Anejos 6 y 9.

Código Civil de 1930, *supra*. Así modificada, ***confirmamos*** la *Resolución* recurrida.

Notifíquese, además, a la parte recurrida a la dirección física que consta en el expediente, a saber: E-2 calle Eucalipto, Caparra Hills, Guaynabo, Puerto Rico 00968.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones